MARY'S OPINION HEADING 

NO. 12-01-00044-CV

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

JAMES W. THOMPSON, § APPEAL FROM THE 173RD

APPELLANT

V. § JUDICIAL DISTRICT COURT OF

CARMEN KAY WARE, INDIVIDUALLY 

AND AS ATTORNEY IN FACT FOR CARMEN 

THOMPSON, M.E. GOODMAN, III., § HENDERSON COUNTY, TEXAS

PEYTON L. GOODMAN ADAMS AND

DAVID MONK,

APPELLEES

PER CURIAM

This appeal is being dismissed for want of prosecution.  
Tex. R. App. P.
 42.3(b).  Appellant perfected his appeal on February 7, 2001.  Thereafter, the record was filed on May 2, 2001, making Appellant’s brief due on or before June 1, 2001.  When Appellant failed to file his brief within the required time, this Court notified him on June 15, 2001 that the brief was past due, and it warned that if no response explaining the delay was received by June 25, 2001, the appeal would be dismissed for want of prosecution under 
Tex. R. App. P. 
 42.3(c) and 
Tex. R. App. P
. 38.8(a)(1).  

As of July 3, 2001, Appellant has neither tendered his brief nor otherwise responded to this Court’s notice.  Accordingly, Appellant’s appeal is dismissed for want of prosecution pursuant to 
Tex. R. App. P.
 38.8(a)(1) and 42.3.(b).

Opinion delivered July 11, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.

DO NOT PUBLISH

(comment: 1)

COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

JUDGMENT

NO. 12-01-00044-CV
  

JULY 11, 2001

JAMES W. THOMPSON,

Appellant

V.

CARMEN KAY WARE, INDIVIDUALLY AND AS ATTORNEY IN FACT

FOR CARMEN THOMPSON; M.E. GOODMAN, III, 

PEYTON L. GOODMAN ADAMS AND DAVID MONK

Appellees

_____________________________________________________________________________

  Appeal from the 173rd Judicial District Court 

of Henderson County, Texas. (Tr.Ct.No.99A-036)

_____________________________________________________________________________

THIS CAUSE came on to be heard on the transcript of the record, and the same being inspected, it is the opinion of this Court that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED that the appeal, be, and hereby is, 
Dismissed
; that all costs of this appeal are hereby assessed against Appellant,
 
James W. Thompson
,
 for which execution may issue; and that this decision be certified to the court below for observance.

By 
per curiam
 opinion.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.

THE STATE OF TEXAS

M A N D A T E

TO THE 173RD JUDICIAL DISTRICT COURT OF HENDERSON COUNTY, GREETINGS:

Before our Court of Appeals for the 12
th
 Court of Appeals District of Texas, on the 11th day of July, 2001, the cause upon appeal to revise or reverse your judgment between

JAMES W. THOMPSON, Appellant

NO. 12-01-00044-CV and Tr. Ct. Case Number 99A-036

Opinion by Per Curiam.

KAY WARE, INDIVIDUALLY AND AS ATTORNEY IN FACT

FOR CARMEN THOMPSON, M.E. GOODMAN, III,

PEYTON L. GOODMAN ADAMS, AND DAVID MONK, Appellees

was determined; and therein our said Court made its order in these words:

THIS CAUSE came on to be heard on the transcript of the record, and the same being inspected, it is the opinion of this Court that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED that the appeal, be, and hereby is, 
Dismissed
; that all costs of this appeal are hereby assessed against Appellant,
 
James W. Thompson
,
 for which execution may issue; and that this decision be certified to the court below for observance.

WHEREAS, YOU ARE HEREBY COMMANDED
 to observe the foregoing order of said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

WITNESS, THE HONORABLE LEONARD DAVIS, 
Chief Justice of said Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the ______ day of __________________, 2001.

 CATHY S. LUSK, CLERK

By:_______________________________

     Deputy Clerk 

COMMENTS AND ANNOTATIONS
Comment 1:
J.25       CIVIL - REVERSED & DISMISSED WITHOUT PREJUDICE

           Each party pays their own way in both courts.